**FILED**
July 14, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **MICHAEL RODNEY MILLER,** § <br> **TDCJ No. 01693893,** § <br> § <br> **Petitioner,** § <br> § <br> v. § <br> § <br> **BOBBY LUMPKIN, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> **Respondent.** § | **Civil No. SA-20-CA-01210-OLG** |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Michael Rodney Miller's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental Appendix (ECF No. 3), Respondent Bobby Lumpkin's Answer (ECF No. 14), and Petitioner's Replies (ECF Nos. 15, 16) thereto. In his § 2254 petition, Petitioner challenges the constitutionality of his 2011 state court conviction for aggravated assault by raising numerous allegations, all of which appear to assert that Petitioner had the right to defend himself and his property because the victim was unlawfully trespassing. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In January 2011, Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to twenty years of imprisonment. *State v. Miller*, No. 2009CR4546 (437th Dist. Ct., Bexar Cnty., Tex. Jan. 18, 2011); (ECF No. 13-1 at 18-19). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Miller v. State*, No. 04-11-00046-CR, 2011 WL 5390212 (Tex. App.—San Antonio, Nov. 9, 2011, no. pet.); (ECF No. 13-9). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 14-1).[1]

Instead, Petitioner waited until August 2019 to file a state habeas corpus application challenging his conviction and sentence. *Ex parte Miller*, No. 90,260-01 (Tex. Crim. App.); (ECF No. 13-12 at 4-31). The Texas Court of Criminal Appeals dismissed the petition on September 11, 2019, as non-compliant because Petitioner did not properly verify the application as required by Rule 73.1 of the Texas Rules of Appellate Procedure. (ECF No. 13-11). Petitioner corrected the problem and filed a second state habeas application on December 10, 2019, but the Texas Court of Criminal Appeals eventually denied relief without written order on February 19, 2020. *Ex parte Miller*, No. 90,260-02 (Tex. Crim. App.); (ECF Nos. 13-13, 13-15 at 4-26). Petitioner then placed the instant federal habeas petition in the prison mail system on September 11, 2020. (ECF No. 1 at 15).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] *See also* http://www.search.txcourts.gov, search for "Miller, Michael" last visited July 13, 2021.

> judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final December 9, 2011, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, December 10, 2012.[2] Because Petitioner did not file his § 2254 petition until September 11, 2020—almost eight years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.** **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

---

[2] Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief in August 2019 and again in December 2019, Petitioner's limitations period for filing a federal petition had already expired in December 2012. As a result, neither state habeas application tolled the one-year limitations period because they were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[3] Thus, the instant § 2254 petition, filed September 11, 2020, is still well over seven and a half years too late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

---

[3]     In addition, Petitioner's first state habeas application was dismissed by the Texas Court of Criminal Appeals for Petitioner's failure to comply with the Texas Rules of Appellate Procedure. As such, this application was not "properly filed" under § 2244(d)(2) and would afford Petitioner no tolling effect even if it were timely filed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's direct appeal of his conviction was denied by the intermediate court of appeals on November 9, 2011, yet Petitioner did not execute his first state habeas corpus application until August 2, 2019, almost eight years later. Petitioner fails to establish that his claims could not have been discovered and presented earlier. He also fails to explain why he waited almost seven months after the Texas Court of Criminal Appeals denied his second state habeas application in February 2020 before filing the instant petition in this Court. Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Michael Rodney Miller's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the __14th__ day of July, 2021.

_____
**ORLANDO L. GARCIA
Chief United States District Judge**